Eugene SHOOK, Petitioner,

v.

The STATE of Oklahoma, and the District Court of Tulsa County, Respondents.

Walter E. SHOOK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

Nos. A–13390, A–13374.

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1963.

Walter Eugene Shook, pro se, petitioner and plaintiff in error.

Charles Nesbitt, Atty. Gen., David Hall, Tulsa County Atty., Ted Flanagan, Asst. Tulsa County Atty., for respondent and defendant in error.

NIX, Judge.

This is an original proceeding in mandamus by Eugene Shook, also known as Walter Eugene Shook, or Walter E. Shook, petitioner, an inmate of the State Penitentiary at McAlester, Oklahoma; in which he seeks an order of this Court directing the District Court of Tulsa County to prepare and furnish him with a casemade of the proceedings in connection with the trial and conviction of the petitioner in said Court. Petitioner was tried and convicted of the crime of Uttering a Forged Instrument After Former Conviction of a Felony, and sentenced on March 20, 1963 to 12 years in the State Penitentiary.

This petition was filed in this Court on June 7, 1963, however, no request for casemade was ever made to the District Court of Tulsa County until June 21, 1963; which was more than 90 days subsequent to the rendition of the judgment and sentence.

It is shown in the Response filed by the Tulsa County Attorney's Office, that the application was considered by the Honorable Robert D. Simms, District Judge of said Court, and application denied because (1) the application failed to allege sufficient grounds to entitle petitioner to a transcript or casemade at public expense, and (2) because the same was received and filed after the expiration of the time allowed by law for appeal.

Title 22 Okl.St.Ann. § 1054, as amended, provides that in felony cases an appeal must be taken within three months after the judgment is rendered. This provision of the statute is mandatory, and must be strictly followed, and this Court cannot entertain an appeal not perfected within such time.

In the case of Graham v. State, Okl.Cr., 372 P.2d 887, and cases cited therein, this Court said:

"There is no statute in this state which permits this court to issue an order requiring the district court to furnish a transcript of casemade after the time has expired for taking an appeal in a criminal case."

Since the application herein is not timely made, the Application for Writ of Mandamus is hereby denied; and, also, Case #A13,374, which was only a petition in error, and is now moot since no casemade will be forthcoming, is hereby dismissed.

BUSSEY, P. J., and JOHNSON, J., concur.